IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURIE HEDSTROM, Co-Guardian and Co-Conservator on behalf of Cody Hedstrom, an Alleged Incapacitated Person; and MICHAEL HEDSTROM, Co-Guardian and Co-Conservator on behalf of Cody Hedstrom, an Alleged Incapacitated Person;<br><br>Plaintiffs,<br><br>vs.<br><br>JACOB DANCER, and DAN H. DANCER,<br><br>Defendants. | 7:25CV5002<br><br><br>**AMENDED FINAL PROGRESSION ORDER** |

IT IS ORDERED that Plaintiff's Unopposed Motion for Extension of Progression Order Discovery Deadlines is granted. (Filing No. 26). The unexpired deadlines in the final progression order are amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings set for **December 9, 2025** at **9:00 a.m.** is **continued** and will be held with the undersigned magistrate judge on **February 12, 2026** at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is January 30, 2026. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by February 13, 2026.

   **Note:** A discovery motion (including a motion to compel, to quash, or for a disputed protective order, or any motion regarding the scope and production of ESI) cannot be filed without first: a) thoroughly discussing the issue with

opposing counsel in good faith (NECivR 7.1(j)); and then b) contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):    January 30, 2026.

    For the defendant(s):    March 16, 2026.

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):    April 3, 2026.

    For the defendant(s):    May 15, 2026.

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is June 15, 2026.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 5.

    b. Depositions will be limited by Rule 30(d)(1).

6) The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims or defenses. If needed, the deadline for filing motions to dismiss and motions for summary judgment is July 1, 2026.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is July 1, 2026.

8) Motions in limine shall be filed twenty-eight days before trial. It is not the

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10) Deadlines not specifically amended by this order are unchanged. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 5th day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge